NATIONAL INVESTOR SERVICES CORP., Plaintiff,

TD Waterhouse Investor Services, Inc., Plaintiff–Counter–Defendant– Appellant,

v.

INTEGRATED FUND SERVICES, INC., Defendant–Counter– Claimant–Appellee.

Docket No. 03–7115.

United States Court of Appeals, Second Circuit.

Jan. 5, 2004.

Gary Mennitt, New York, NY, for Appellant.

Kevin Rover, New York, NY, for Appellee.

Present: OAKES, JACOBS, and POOLER, Circuit Judges.

## SUMMARY ORDER

TD Waterhouse Investor Services, Inc. (TDWIS), a mutual fund management company, appeals from a judgment dismissing its complaint against Integrated Fund Services, Inc. (Integrated).

TDWIS's complaint included a number of causes of action based on both tort and contract law. However, TDWIS only appeals the dismissal of its breach of contract claim for damages incurred in 1999.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Generally, TDWIS was the administrator and shareholder servicing agent for TD Waterhouse Family of Funds, Inc., a money market mutual fund (the Fund). In exchange for its services, TDWIS was paid a fee based on a percentage of the Fund's net assets under management. TDWIS hired Integrated to perform certain accounting services for the Fund and paid them $6000 per month for these services. One of Integrated's primary duties under the agreement was to record data relating to securities transactions undertaken on behalf of the Fund.

It is uncontested that on June 9, 1998, and January 14, 1999, Integrated failed to accurately record the Fund's purchases of two bonds. As a result, the interest income generated by the two bonds was not included in the calculation of the Fund's return, despite the fact that the interest was indeed accumulating in favor of the Fund. The mistake was eventually discovered, and on November 29, 1999, the Fund distributed all of the newly discovered interest income to its shareholders.

During the period that the income from the bonds was not being credited to the Fund, TDWIS waived fees in order to keep the Fund's yield on par with similar money market funds managed by TDWIS's competitors. During the period in question, TDWIS waived some portion of its fees every day, for a total of almost $9.5 million. Of this amount, TDWIS claims to have waived a total $1,294,759 on 164 days in 1999 as a direct result of

Integrated's error. Integrated did not offer any competing calculations of damages. TDWIS did not recover this sum when the newly-discovered funds were distributed. TDWIS explains that they did not do so because they believed that they did not have a contractual right to the funds and that failure to pay the full balance to the shareholders was likely to lead to a damaging SEC investigation.

The district court held that TDWIS had failed to meet the causation requirement for general damages. General damages are defined as "the natural and probable consequence of the breach," while consequential damages are defined as "damages which arise from special circumstances that make them probable, although they would be unusual apart from such circumstances." *Coastal Power Int'l, Ltd. v. Transcontinental Capital Corp.,* 10 F.Supp.2d 345, 364, citing *Kenford Co. v. County of Erie,* 73 N.Y.2d 312, 540 N.Y.S.2d 1, 3, 537 N.E.2d 176 (N.Y.1989) ("*Kenford II*"). We agree with the district court that the damages suffered here are not the natural result of the breach.

The district court also held that TDWIS could not recover consequential damages. To recover consequential damages the plaintiff must prove (1) that the defendant's breach caused the injury, (2) that the loss is capable of proof with reasonable certainty and (3) that the particular damages were fairly within the contemplation of the parties. *Ashland Mgmt. Inc. v. Janien,* 82 N.Y.2d 395, 604 N.Y.S.2d 912, 916, 624 N.E.2d 1007 (N.Y.1993), citing *Kenford Co. v. County of Erie,* 67 N.Y.2d 257, 502 N.Y.S.2d 131, 493 N.E.2d 234 (N.Y.1986) ("*Kenford I*"). The district court found that TDWIS's voluntary waiver of fees and failure to recover fees from the re-discovered interest income broke the causal chain. Furthermore, the district court found that the damages were not properly within the contemplation of the parties.

■ We disagree with the district court that the voluntary waiver of fees was an intervening cause that prevented the recovery of consequential damages. The district court appears to have identified TDWIS's damage as the fact that it was forced to waive fees, and found that TDWIS's decision to do so was based on several factors beyond the breach, such as attempting to remain competitive in the industry. While TDWIS was likely to waive fees, even absent a breach by Integrated, the approximately $1.3 million that TDWIS identifies with the breach were waived solely due to Integrated's error. We find that it was clearly erroneous for the district court to hold that TDWIS's voluntary waiver of these fees is an intervening cause in its consequential damages cause of action.

■ Furthermore, we disagree with the district court that the particular damages suffered were not within the contemplation of the parties to the contract when the contract was made. The testimony of the parties indicates that Integrated was fully aware before it entered into the contract that TDWIS would occasionally waive fees, but that they did not know why the fees were being waived. Regardless, because Integrated was aware that TDWIS would waive fees, it should have been obvious to them that the natural result of an accounting error that understated income on an investment would have been for additional fees to be waived, *no matter what goal* TDWIS was seeking to achieve with its fee waivers. Thus, we find that it was clearly erroneous for the district court to hold that the damages suffered were not properly in the contemplation of the parties to the contract.

This leaves us with the district court's ruling that TDWIS's failure to collect its unnecessarily waived fees from the amount distributed to the shareholders was an intervening cause. In order to reach a decision on this issue, we would benefit greatly from additional findings of fact by the district court. We are aware that a contractual relationship usually exists between a mutual fund and the companies that service it. In addition, we are aware that mutual funds are subject to the requirements of the Investment Company Act of 1940 and that this limits them to having a maximum of 60% interested directors on their boards. 15 U.S.C. § 80a–10(a). Interested directors are defined in 15 U.S.C. § 80a–2(a)(19) to include a large number of individuals with ties to the mutual fund, including individuals associated with the investment adviser. 15 U.S.C. § 80a–2(a)(19)(A)(iii). One of the roles served by the disinterested directors on the mutual fund board is to resolve conflicts of interest between the fund and the entities which service it. See 15 U.S.C. § 80a–15(c). If the contract between TDWIS and the Fund could not be interpreted to authorize the Fund to pay TDWIS its improperly waived fees from the recovered income, we are interested in how TDWIS could have recovered all or part of the unrecorded interest. As a result, we order the district court to supplement the record with findings pertaining to the structure and legal obligations of TD Waterhouse, TDWIS and the Fund. See *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

Thus, we affirm the district court's judgement on general damages. We reverse the district court's rulings on consequential damages that conclude that voluntary waiver of fees was an intervening cause and that the damages suffered were not properly in the contemplation of the parties. In addition, we remand for clarification the district court's ruling that TDWIS's failure to collect its improperly waived fees from the funds distributed to shareholders was an intervening cause. This panel retains jurisdiction over any claims that arise from the district court's clarification of its ruling. *See Id.* Accordingly, the clerk is directed to issue the mandate, which shall provide that either party may restore jurisdiction over the appeal to this panel by filing with the Clerk's Office, a copy of the district court's clarification of its ruling and a letter advising the Clerk's Office that jurisdiction should be restored.